IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JUDITH KOWALSKI,

          Plaintiff,

v.                                            CIVIL ACTION NO.   2:12-cv-01323

ETHICON, INC., et al.,

          Defendants.


MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Summary Judgment)

Pending before the court is the Motion for Summary Judgment [ECF No. 58] filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"). As set forth below, Ethicon's Motion is **GRANTED in part** and **DENIED in part**.

I.    Background

This action involves a Texas plaintiff who was implanted with mesh products manufactured by Ethicon, Gynecare Prolift Pelvic Floor Repair System ("Prolift"), on February 25, 2008, and Tension-free Vaginal Tape Obturator ("TVT-O"), on June 16, 2008. Am. Short Form Compl. [ECF No. 27] ¶¶ 1–12. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 60,000 cases currently pending, nearly 28,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 206, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Nov. 20, 2015, *available at* *http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiff's case was selected as an "Ethicon Wave 2 case."

## II. Legal Standards

### A. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B. Choice of Law

Ms. Kowalski originally filed her claim in the Eastern District of Texas. *See* Compl. [ECF No. 1]. Thus, the choice-of-law principles of Texas guide the court's choice-of-law analysis. *See Klaxon Co. v. Stentor Elect. Mfg. Co.*, 313 U.S. 487, 496 (1941).

The parties agree, as does the court, that these principles compel application of Texas substantive law to the plaintiff's claims. In tort actions, Texas adheres to the Restatement (Second) of Conflict of Laws (Am. Law Inst. 1971). *Gutierrez v. Collins*,

3

583 S.W.2d 312, 318 (Tex. 1979). Under section 145 of the Restatement, the court must apply the law of the state with the most "significant relationship to the occurrence and the parties." Here, the plaintiff resides in Texas, and her Prolift and TVT-O implantation surgeries occurred in Texas. Second Am. Short Form Compl. ¶ 11. Texas has a strong interest in resolving tort actions brought by one of its citizens for injuries arising from conduct alleged to have occurred within its territorial jurisdiction. Thus, I will apply Texas substantive law to this case.

## III. Analysis

Ethicon argues it is entitled to summary judgment because the plaintiff's claims are without evidentiary or legal support.

### A. Conceded Claims

The plaintiff concedes the following claims: (II) strict liability – manufacturing defect and (IV) strict liability – defective product. Accordingly, Ethicon's Motion regarding those claims is **GRANTED**.

### B. Fraudulent Concealment

Under Texas law, fraudulent concealment, or fraud by nondisclosure, is considered a subcategory of fraud. *Blankinship v. Brown*, 399 S.W.3d 303, 308 (Tex. Ct. App. 2013) (*citing Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 181 (Tex. 1997)). Fraudulent concealment is not an independent claim. *Nelson v. Regions Mortg., Inc.*, 170 S.W.3d 858, 862 (Tex. Ct. App. 2005) ("Concealment by silence, or fraudulent concealment, is a type of misrepresentation. . . . Therefore, we treat []

4

complaints of misrepresentation and fraudulent concealment as complaints of common law fraud.").

Ethicon's Motion on Ms. Kowalski's fraudulent concealment claim (VII) is **GRANTED**.

### C. Constructive Fraud

Under Texas law, a constructive fraud requires proof of a violation of a fiduciary relationship. *Hubbard v. Shankle*, 138 S.W.3d 474, 483 (Tex. Ct. App. 2004). Ms. Kowalski acknowledges that she does not claim to have a fiduciary relationship with Ethicon. Mem. Law Supp. Resp. Opp. Summ. J. 16.

Thus, there is no genuine dispute of material fact regarding Ms. Kowalski's inability to prove a necessary element of this claim. Ethicon's Motion on constructive fraud is **GRANTED**.

### D. Breach of Warranty

Texas law requires a plaintiff to provide a notice of breach of warranty prior to filing a suit. Tex. Bus. & Com. Code § 2.607(c); *see also Hull v. South Coast Catamarans, L.P.*, 365 S.W.3d 35, 44 (Tex. Ct. App. 2011) ("Failure to notify the seller of the breach, thereby allowing the seller an opportunity to cure, bars recovery on the basis of breach of warranty"). Ms. Kowalski admits she did not provide the requisite pre-suit notice to Ethicon. Mem. Law Supp. Resp. Opp. Summ. J. 16–17.

Accordingly, Ethicon's Motion regarding the breach of warranty claims (XI and XII) is **GRANTED**.

### E. All Remaining Claims

The court **FINDS** that genuine disputes of material fact exist regarding the plaintiff's remaining claims challenged by Ethicon, including timeliness under Texas' statutes of limitations. Accordingly, Ethicon's Motion as to all remaining claims is **DENIED**.

## IV. Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for Summary Judgment [ECF No. 58] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion is **GRANTED** with regard to the following claims: (II) strict liability – manufacturing defect, (IV) strict liability – defective product, (VII) fraudulent concealment, (VIII) constructive fraud, (XI) breach of express warranty, and (XII) breach of implied warranty. Ethicon's Motion is **DENIED** in all other respects.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 10, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE